IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ROBERT EURY and JOELLA LEE-EURY, as next of friend and natural and legal guardians of J.L.E. and J.L., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:23-CV-689 |
| KIMBERLY JENNINGS; SEDGEFIELD GARDEN APARTMENTS d/b/a SEDGEFIELD REALTY COMPANY LLC; BENENSON REAL ESTATE CORP., | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, Chief District Judge.

After two of the defendants, Sedgefield Realty Company, LLC and Benenson Real Estate Corporation, moved to dismiss this lawsuit for untimely and insufficient service of process, the Court allowed the plaintiffs, Robert Eury and Joella Lee-Eury, to file a motion for an extension of time to obtain timely and valid service. The plaintiffs have now filed such motion. But they have not shown good cause for their delay as to either defendant, nor have they shown excusable neglect for failure to obtain service of process on Sedgefield. The motion for more time will be denied as to Sedgefield, but because the plaintiffs have arguably shown excusable neglect in serving Benenson late, the motion will be granted as to Benenson.

I.      Facts

The record and evidence submitted by the parties show the following facts. The plaintiffs filed this lawsuit on August 15, 2023. *See* Doc. 1 at 16. Under Federal Rule of Civil Procedure 4(m), they had 90 days to obtain service on the defendants. FED. R. CIV. P. 4(m). Ninety days from August 15, 2023, is November 13, 2023.

On August 23, 2023, then-counsel for the defendants, Edward Schenk, sent an email to the plaintiffs' attorneys offering to waive service of the complaint and summons on behalf of Sedgefield and Benenson. *See* Doc. 27-1 at 1. Mr. Schenk said that he would complete the service waiver form and file it with the court if the plaintiffs provided: 1) a copy of proper summonses for Sedgefield and Benenson, and 2) permission to file the service waiver form. *See id.* at 2.

None of plaintiffs' attorneys responded and nothing happened for over a month. On September 27, 2023, more than one month after Mr. Schenk offered to waive service, plaintiffs' counsel, Jason Keith, forwarded Mr. Schenk's email to Kelley Creacy-Durham, Mr. Keith's legal assistant. *See* Doc. 27-2; *see also* Doc. 27-3 (identifying Ms. Creacy-Durham as legal assistant). In that email Mr. Keith asked "Edward" to call him "regarding service." Doc. 27-2. But there is no evidence this email was sent to Mr. Schenk, and Mr. Schenk never received it. *See* Doc. 28-1 at ¶ 9.

Nothing happened again for over a month until a summons was issued for Benenson and Sedgefield on November 2, 2023. *See* Doc. 5. On November 6, 2023, two and a half months after Mr. Schenk's initial communication offering to waive service, Ms. Creacy-Durham sent an email to Mr. Schenk from what appears to be a personal

2

Gmail account. *See* Doc. 27-3. The email's subject line read, "Waiver of Service for 1:23-cv-0068," which is not the case number associated with this lawsuit. *Id.* In the email, Ms. Creacy-Durham stated, "I have attached a copy of the filed complaint and the issued summons for your clients," and it seems she attached the referenced documents for this case. *Id.* She identified herself as Mr. Keith's legal assistant. *Id.*

Mr. Schenk received the November 6, 2023, email from Ms. Creacy-Durham, *see* Doc. 28-1 at ¶ 10, but he did not respond. Mr. Schenk and his law firm have "no evidence of any [other] communication with anyone purporting to represent Plaintiffs." *Id.* at ¶ 15. The plaintiffs have presented no evidence of any other communications on their part to Mr. Schenk.

On November 16, 2023, three days after the 90-day deadline, plaintiffs' counsel retained a process server to serve these two defendants. Doc. 27 at 4.[1] The plaintiffs filed a Proof of Service Affidavit as to Sedgefield saying that on that same day the process server left a copy of the complaint and summons with Jay Barham at an address in Greensboro, North Carolina. *See* Doc. 6. As previously held, this service was not valid. Doc. 25 at 3–5. The plaintiffs also filed a Proof of Service Affidavit saying that they served Benenson on November 17, 2023. *See* Doc. 7. Benenson has not challenged the sufficiency of service beyond the timeliness issue. Doc. 25 at 3 n.2.

---

[1] Despite the Court's clear direction that a declaration under oath is appropriate for facts potentially in dispute, *see* Doc. 25 at 3 n.1, plaintiffs' counsel has not supported the motion for extension of time with a declaration under oath. He asserts this fact in a brief. Since Mr. Keith is an officer of the court and has a duty to be truthful, and since presumably this fact is within his personal knowledge, the Court will accept this fact for purposes of this motion.

3

## II. Timeliness under Federal Rule of Civil Procedure 4(m)

The Federal Rules of Civil Procedure require that a plaintiff serve the summons and complaint upon each defendant within 90 days of filing the complaint. *See* FED. R. CIV. P. 4(c), (m). The plaintiffs acknowledge that they missed this deadline. *See* Doc. 22 at 18.

### A. Good Cause

Without good cause, dismissal of the action without prejudice is appropriate as to any unserved defendant. *See* FED. R. CIV. P. 4(m). District courts must grant an extension of time if a party shows good cause for a delay in obtaining service. *See Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022). Good cause requires a "showing of diligence on the part of the plaintiffs." *Id.* at 218 (quoting *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019)). When a court finds that a plaintiff has not been diligent, the plaintiff is not entitled to an extension of time. *See Davis v. Univ. of N. Carolina at Greensboro*, No. 19-CV-661, 2022 WL 3586093, at *4 (M.D.N.C. Aug. 22, 2022). Good cause cannot be shown when the delay for completing proper service was related to reasons solely in the control of the plaintiff, not due to external reasons. *See id.*

Here the plaintiffs have not shown good cause for the untimely service on Benenson and the untimely attempted service on Sedgefield. The plaintiffs did not seek issuance of summonses for more than two months after Mr. Schenk's email. *Compare* Doc. 27-1 at 1 (email sent on August 23, 2023), *with* Doc. 5 at 1 *and* Doc. 5-1 at 1 (summonses issued on November 2, 2023). Plaintiffs' counsel never personally responded to Mr. Schenk's August email, *see* Doc. 27-1 at 1, and he never provided

4

permission for Mr. Schenk to file the waiver of service form. *See id.* at 2; Doc. 28-1 at ¶¶ 10–11. The email from Ms. Creacy-Durham over two months later, with an obscure message and the wrong case number, *see* Doc. 27-3, does not show due diligence. Then the plaintiffs waited well over a week and beyond the 90-day deadline to obtain service before they took their next action of hiring a process server. *See* Doc. 6; Doc. 7.

The absence of due diligence is even more pronounced when it comes to service of Sedgefield. In its motion to dismiss, Sedgefield challenged the adequacy of service of process, *see* Doc. 20 at 15–16, and the Court held that the attempted service was insufficient. *See* Doc. 25 at 5. Despite the Court's suggestion that the plaintiffs should "quickly initiate and take steps to obtain valid service," *id.*, they have taken no steps that appear on the record to cure the insufficient service on Sedgefield. This is a further indication that the plaintiffs have not exercised due diligence as to Sedgefield.

Instead, the plaintiffs again say that service was adequate, making the same already-rejected arguments. *See* Doc. 27 at 6–7. Yet the plaintiffs offer no evidence to cure the defects the Court identified in its earlier order.[2] The plaintiffs still have not met their burden of establishing proper service of process Rule 4(h) or Rule (e)(1). As previously held, this Court lacks personal jurisdiction over Sedgefield.

---

[2] Counsel continues to assert facts not in evidence. For example, he says in briefing that the address where the summons and complaint were left is the office of Sedgefield's registered agent, *see* Doc. 27 at 7, but cites no evidence. Even if that is so, the plaintiffs still have not submitted any evidence that Mr. Barham was an appropriate person to receive service, *see* Doc. 25 at 4–5, and Sedgefield's evidence shows otherwise. *See* Doc. 28-2 at ¶¶ 6–7.

Plaintiffs' counsel contends the plaintiffs have shown good cause because Mr. Keith emailed Mr. Schenk about the waiver offer on September 27, 2023. *See id.* at 5. But the email he provides as proof does not support that contention; it is an email to his legal assistant, not to Mr. Schenk. *See* Doc. 27-2. The plaintiffs provide no evidence that counsel sent this email to Mr. Schenk or engaged in any other communication with Mr. Schenk. As the plaintiffs recognize in their briefing, *see* Doc. 31 at 3–4, good cause has not been shown when there is "expenditure of efforts that fall short of real diligence by the serving party." 4B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & ADAM N. STEINMAN, FEDERAL PRACTICE AND PROCEDURE § 1137 (4th ed. 2023).

The plaintiffs maintain that they have shown good cause because Mr. Schenk engaged in misleading conduct to evade service when he "failed to respond or make any other communication" about the service waiver. Doc. 27 at 5. First, plaintiffs' counsel seems to think that he can do nothing for weeks and weeks after receiving an email from opposing counsel, while defense counsel is obligated to respond immediately to an unclear email from a legal assistant. This view is mistaken. Moreover, it overlooks other facts that show a lack of diligence, such as taking no steps to obtain issuance of summonses for weeks and failing to hire a process server until after the 90-day deadline had passed. Second, this attempt to blame Mr. Schenk for Mr. Keith's delays is a red herring. Mr. Schenk's lack of immediate response to the November email does not show any misleading conduct during the two and half month period before that email was sent. Nor was Mr. Schenk's non-response misleading, given that the legal assistant's email was obscure and sought no action by Mr. Schenk. *See id.*; Doc. 28-1 at ¶¶ 10–11.

6

B.  **Excusable Neglect**

Even where plaintiffs have not shown good cause, a court may grant an extension of time to obtain service.  *See Gelin*, 35 F.4th at 220.  In exercising this discretion, courts follow Federal Rule of Civil Procedure 6(b)(1)(B)'s excusable neglect standard.  *See Davis*, 2022 WL 3586093, at *4.  The excusable neglect inquiry requires consideration of all relevant circumstances, including:  "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in bad faith."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  Other relevant factors include:  (1) "any prejudice to the plaintiff, such as by operation of statutes of limitation that may bar refiling" and (2) "whether the plaintiff sought an extension before the deadline."  *Davis*, 2022 WL 3586093, at *6, *6 n.3.

Weighing all these factors, the Court will, as a matter of grace, find excusable neglect as to the failure to serve Benenson on time and grant the motion.  While almost every factor weighs against a finding of excusable neglect, *see* discussion *infra* about Sedgefield, Benenson has had notice of the case since August, and after the plaintiffs finally hired a process server on November 16, 2023, *see* Doc. 27 at 4, service was promptly obtained on November 17, 2023, *see* Doc. 7, just four days after the 90-day deadline in Rule 4(m) passed.  Those two factors outweigh the other factors.

But the same is not true as to Sedgefield.  While Sedgefield, too, has had actual notice of the case since August 2023, it still has not been served with valid service of

process, and the plaintiffs have taken no steps to obtain valid service in the weeks since the Court ruled that the attempted service was insufficient.  Sedgefield has been prejudiced by the failure to serve it on time and will continue to suffer prejudice while it waits for valid service; the case is proceeding against the other defendant, Kimberly Jennings, *see generally* Doc. 29, and Sedgefield would have to play catch-up if the plaintiffs' neglect is excused and the plaintiffs were given even more time to attempt to obtain valid service of process.  *See Davis*, 2022 WL 3586093, at *4.  There is thus some prejudice to Sedgefield, though it does not weigh heavily in its favor.  There is no showing of bad faith by the plaintiffs, so that factor is neutral.  *See id.* at *6.

But the reason for the delay, which is "[t]he most important of the factors identified in *Pioneer*," *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 534 (4th Cir. 1996), weighs heavily against the plaintiffs.  As already discussed, plaintiffs' counsel never responded to Mr. Schenk's August email in which he offered to accept service.  *See* Doc. 27-1 at 1; Doc 28-1 at ¶ 9.  One unclear email from a legal assistant weeks later and days before the 90-day deadline does not suffice.  The delay was within the control of the movant and was the direct result of plaintiffs' lack of diligence and follow-up.  The additional, non-*Pioneer* factors also weigh against the plaintiffs because there is no obvious statute of limitation barrier to refiling this claim and the plaintiffs did not seek this extension before the service deadline.  *See Davis*, 2022 WL 3586093, at *6, *6 n.3.  And, most importantly and as discussed *supra*, the plaintiffs have taken no steps to cure the insufficient service on Sedgefield in the face of a court order

8

Case 1:23-cv-00689-CCE-JEP   Document 36   Filed 03/20/24   Page 8 of 10

finding that the attempted service was insufficient. Viewed together, these factors weigh against the plaintiffs and do not support a discretionary grant of an extension.

III. Conclusion

The plaintiffs have not shown good cause or excusable neglect for the failure to obtain service of process on Sedgefield within 90 days. At best, the plaintiffs have shown an ongoing and unjustified inattention to the requirements of the rules. An extension of time to obtain service on Sedgefield is not required or warranted under the circumstances here. The motion to extend time will be denied, and the motion to dismiss Sedgefield will be granted.

While the plaintiffs have not shown due diligence as to Benenson either, they arguably have shown excusable neglect and they did manage to obtain service just a few days after the 90-day deadline. The Court will grant the motion to extend time as to Benenson and deny the motion to dismiss for untimely service. The Rule 12(b)(6) motion remains pending and will be addressed by separate order.

It is **ORDERED** that:

1. The plaintiffs' motion for an extension of time to serve the defendants, Doc. 27, is **GRANTED** as to Benenson Real Estate Corporation and is **DENIED** as to Sedgefield Realty Company.

2. The motion to dismiss for lack of timely service under Federal Rule of Civil Procedure 4(m), Doc. 19, is **DENIED** as to Benenson Real Estate Corporation and is **GRANTED** as to Sedgefield Realty Company.

3. The motion to dismiss for failure to state a claim is **DENIED** as moot as to Sedgefield Realty Company and remains under advisement as to Benenson Real Estate Corporation.

4. Judgment will be entered separately dismissing all claims against Sedgefield Realty Company without prejudice.

This the 20th day of March, 2024.

_____
UNITED STATES DISTRICT JUDGE

10

Case 1:23-cv-00689-CCE-JEP   Document 36   Filed 03/20/24   Page 10 of 10